UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TASHICA DANZY,

                    Plaintiff,

                                              Case No. 26-cv-926-pp
      v.

MILWAUKEE COUNTY CIRCUIT COURT,
JUDGE JANET PROTASIEWICZ and
JUDGE T. CHRISTOPHER DEE,

                    Defendants.

## ORDER SCREENING COMPLAINT AND DISMISSING CASE

On May 22, 2026, the plaintiff—who is representing herself—filed a complaint alleging that the defendants, one former Milwaukee County Circuit Court judge and one current Milwaukee County Circuit Court judge, discriminated against her because of her sexual orientation while presiding over her divorce case. Dkt. No. 1. Because the defendants' actions are protected by judicial immunity and this federal court lacks jurisdiction to decide the case, the court will dismiss it.

## I.      Screening the Complaint

### A.      Legal Standard

The plaintiff has paid the statutory fee for filing this case. But "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); see also Rezny v. Wis. Dep't of Fin. Insts., Case No. 22-C-

1

1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022) (stating that courts are free to screen a complaint for a self-represented plaintiff who has paid the full filing fee under 28 U.S.C. §1915(e)(2)). The court will exercise that authority here.

At the screening stage, the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Legal conclusions and

2

conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B.     The Complaint

The complaint alleges that the plaintiff was discriminated against due to her sexual orientation during her divorce case in Milwaukee County Circuit Court. Dkt. No. 1 at 2. She alleges the following facts:

> I was married in Canada in 2004 prior to Wisconsin law allowing same sex marriage. My ex was allowed to file for divorce with []documents stamped with the words "Only valid in Canada". These documents were never filed in Milwaukee County due to being deemed invalid. I contested the filing and questioned the jurisdiction.
>
> My daughter was deemed a product of the marriage giving my ex parental rights. I reported several times there is no biological, physical, or legal relationship that exist. My ex initial[ly] indicated she was my daughter's father then later self identified as the mother. My request for a DNA test to identify the biological mother was denied. I had the unfortunate luck of my case being heard by Protasiewicz as she [campaigned] for her current position[1] famously having no position on same sex marriage or abortion. All of my assets, investments and income were deemed marital property. My ex was awarded 50% of my assets and my 50% of my own assets was also awarded to my ex. She was also given impasse authority to cancel my court ordered time with my daughter based on a safety concern that remains unsubstantiated. The case was held by Protasiewicz for nearly 3 years (2023) before moving to trial. After the trial a decision still didn't happen for another year (2024) after Protasiewicz left for her newly elected position. Her replacement was Judge T. Christopher Dee. I was laid off during Covid and denied Unemployment Compensation benefits. I have now been ordered to repay all Covid Mortgage Assistance received back to my ex. She was aware that I was out of work and receiving Covid Mortgage Assistance. When I made my tenants aware that I had been ordered to sell all rental properties they opted to move and gave 30 days notice. My ex wasn't ordered to assist with any mortgage payments

---

[1] In 2023, Judge Protasiewicz was elected to the Wisconsin Supreme Court; she has served on that court since August 1, 2023. https://www.wicourts.gov/courts/supreme/justices/protasiewicz.htm.

> until they sold. The judge ordered that I was solely [responsible] for all mortgage payments. I was also ordered to pay [my] ex's attorney fees as she stated I caused her to high attorney fees.

Id. at 2–3. The plaintiff alleges that she is "suing for a violation of federal law" and seeks "relief from all orders, petitions, and wage garnishments." Id. at 4. The plaintiff requests "the full value of all assets affected by the court including real estate, retirement accounts, [and] pensions." Id.

C.     Analysis

The plaintiff cannot proceed with her case because this court lacks jurisdiction to hear her claims. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff asserts that she is suing for a violation of federal law, though she does not identify the law or laws she believes the defendants violated while presiding over her divorce case. But "the domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" Syph v. Arce, 772 F. App'x 356,

4

357 (7th Cir. 2019) (quoting <u>Marshall v. Marshall</u>, 547 U.S. 293, 307–08 (2006)); <u>Friedlander v. Friedlander</u>, 149 F.3d 739, 740 (7th Cir. 1998). "State courts are assumed to have developed a core proficiency in probate and domestic relations matters and they can decide federal questions at the same time." <u>Syph</u>, 772 F. App'x at 357 (citing <u>Sykes v. Cook Cnty. Cir. Ct. Probate Div.</u>, 837 F.3d 736, 741 (7th Cir. 2016)). Because the plaintiff's claims arise out of her divorce case, this lawsuit falls squarely within the domestic-relations exception to federal jurisdiction.

Nor does the court have diversity jurisdiction. For a federal court to have diversity jurisdiction, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under §1332." <u>Eichmann v. Hunter Automated Machinery, Inc.</u>, 167 F. Supp. 2d 1070, 1071-72 (E.D. Wis. 2001) (citations omitted). The complaint states that the plaintiff and both defendants are Wisconsin residents. This case lacks complete diversity because the plaintiff and all the defendants have the same state of citizenship. Because the court has neither diversity jurisdiction nor federal question jurisdiction, it cannot adjudicate the plaintiff's claims. The plaintiff must pursue her claims related to her divorce case in state court.

Even if the court had jurisdiction, the plaintiff's case could not proceed because the defendants have judicial immunity. "Judges have immunity for judicial acts even if they act erroneously, maliciously, or in excess of their authority; they can be liable only when acting in the 'clear absence of all

5

jurisdiction.'" <u>Bertha v. Hain</u>, 787 F. App'x 334, 338 (7th Cir. 2019) (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978)). The plaintiff alleges that the defendants presided over her divorce case in state court. State court judges have jurisdiction to conduct divorce proceedings. The defendants are immune from suit for actions they took during those proceedings.

Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." <u>See</u> <u>Fields v. Miller</u>, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing <u>Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.</u>, 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the court does not have jurisdiction over the plaintiff's claims and the defendants are immune from suit.

## II.    Conclusion

The court **ORDERS** that this case is **DISMISSED** for lack of jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of May, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6